**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FELIPA SALGADO, ) | |
| ) | |
| Plaintiff, ) | No. 20 cv 1869 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit stems from a slip and fall accident at Defendant Costco's premises. Defendant contends Plaintiff slipped and fell on a natural accumulation of rainwater and, thus, it owed no legal duty to Plaintiff to ameliorate that accumulation. Plaintiff seems to agree the accumulation was natural, as she alleges an exception to the natural accumulation doctrine should apply. Specifically, Plaintiff alleges Costco aggravated the natural accumulation by using an improperly thin floor mat. Plaintiff also argues Costco breached its duty to warn her of the natural accumulation of rainwater. Lastly, and for the first time on summary judgment, Plaintiff alleges the floor itself was unnaturally slippery when wet. As the Court will detail below, Plaintiff loses on each of these arguments. Because the Illinois natural accumulation doctrine does not require property holders to place mats on the floor during inclement weather or replace mats once they are saturated with water, there can be no requirement as to the thickness of any mat should the property holder choose to use one. Similarly, because it was an admitted natural accumulation of water, Costco was under no duty to warn Plaintiff about a potentially wet or slippery floor. Finally, because Plaintiff failed to make allegations about the floor itself in her Complaint, she is barred from "amending" her Complaint through her summary judgment response to make these claims. Thus, the Court must grant Defendant's Motion for Summary Judgment.

1

**1. Standard of Review**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56 (c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette Indiana*, 359 F.3d 925, 928 (7th Cir. 2004). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Cellotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

Procedurally, Local Rule 56.1(d) of the Local Rules of the United States District Court for the Northern District of Illinois requires a party moving for summary judgment to submit a statement of material facts in short, numbered paragraphs supported by specific references to the factual record. Defendant has complied. Dkt. 57-1, Defendant's Statement of Facts ("DSOF"). Local Rule 56.1 also requires the non-moving party to respond to each of the moving party's statements of fact with citations to "specific evidentiary material that controverts the fact" and a concise explanation of "how the cited material controverts the asserted fact." L.R. 56.1(e)(3). Plaintiff has not complied. Plaintiff failed to respond specifically to any of Defendant's facts and instead filed a jumble of her own unnumbered "facts" as the first three pages of her brief in opposition to summary judgment (Dkt. 65).[1]

---

[1] Similarly, Plaintiff's counsel violated Local Rule 56.1(g) in that Plaintiff's brief fails to "cite directly to specific paragraphs in the LR 56.1 statements or responses" when addressing any facts. Finally, no case law is cited in Sections II or III of Plaintiff's brief (Dkt. 65, pp. 10-12).

2

Plaintiff's failure carries drastic consequences, as "[a]sserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." *Id.*; *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (district court may apply local rules to deem facts unopposed on summary judgment). The Seventh Circuit has upheld the exacting nature of the local rules, sustaining the entry of summary judgment "when the non-movant has failed to submit a factual statement in the form called for by the pertinent [local] rule and thereby conceded the movant's version of the facts." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994).

Accordingly, the facts alleged in the Defendant's Statement of Facts in Support of its Motion for Summary Judgment (Dkt. 57-1) are deemed admitted so long as support for them exists in the record, and the Court defers to those cited in the remainder of this opinion as such. Additionally, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Plaintiff's concessions to Defendant's version of the facts does not alter the standard for assessing a summary judgment motion, but do "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir.1997). Federal Rule of Civil Procedure 56(e)(3) "recognizes that the court may grant summary judgment only if the motion and supporting materials – including the facts considered undisputed under subdivision (e)(2) – show that the movant is entitled to it." Advisory Committee Notes to Fed. R. Civ. P. 56(e) (2010 Amendment). Thus, even in the absence of an appropriate summary judgment response, the Court must still determine whether summary judgment is proper as a matter of law. *Arguello v. Duckworth*, 106 F.3d 403 (7th Cir. 1997).

**2.  Material Facts**[2]

This lawsuit stems from an October 21, 2019 slip and fall accident at Costco. Dkt. 65, p. 1.

---

[2]  The Court has only cited material facts, not those facts which are not outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a "material fact" is one that "might affect the outcome of the suit").

3

Defendant Costco Wholesale Corporation operates warehouse stores. DSOF ¶ 1. The Costco store at issue is located in Lake Zurich, Illinois. *Id.* Prior to Plaintiff's arrival to Costco on the afternoon of October 21, 2019, it was raining on and off. DSOF ¶ 9. It was pouring rain when Plaintiff arrived at Costco, so she waited in her car for approximately five minutes since she did not have an umbrella. DSOF ¶ 10; Dkt. 65, p. 2. Once the rain slowed, she walked toward the store. *Id.*

At the Lake Zurich Costco, customers enter into a vestibule, where shopping carts are stored, prior to entering the store. DSOF ¶ 5. There are two automatic doors and multiple overhead doors leading from the outside into the vestibule. *Id.* At approximately 1:43 p.m., Plaintiff walked through one of the automatic sliding doors to enter the vestibule; as she entered, there was a floor mat on the cement floor along the inside of the sliding door. DSOF ¶¶ 4, 9, 12. When Plaintiff entered the vestibule, she noticed the floor mat at the door was wet and saturated with rainwater and the floor past the floor mat appeared wet because it was glossy, but she did not see any puddles or drops of water on the floor. DSOF ¶ 13. Even though Plaintiff knew it had been raining outside, she was not walking with extra caution. DSOF ¶ 14. Once Plaintiff entered the vestibule and stepped off the floor mat, she slipped and fell on the floor because the floor was wet. DSOF ¶ 16; Dkt. 65, p. 2.

At the time of Plaintiff's fall, the floor mat and the vestibule floor were wet due to outside rainwater tracked inside from shoes, shopping carts (brought in by customers and employees), and umbrellas. DSOF ¶ 22. The surveillance footage shows customers with raincoats and umbrellas walking into the vestibule prior to Plaintiff's incident. DSOF ¶ 11. Additionally, during the two minutes prior to Plaintiff's fall, a customer shook out a wet umbrella over where Plaintiff later fell, and shopping carts were pushed into the vestibule from outside by an employee and pushed over the area of floor where Plaintiff later fell. DSOF ¶ 23. When a Costco manager arrived at the scene after the incident, he observed drops of rainwater on the floor in the area where Plaintiff was sitting, but no puddles. DSOF ¶ 25. Plaintiff gave a recorded statement regarding her incident on November 4,

4

2019, two weeks after her incident; Plaintiff recalled it was raining, the floor was wet, the floor was a smooth surface, and she slipped on the wet floor. DSOF ¶ 17.

Despite no formal policy or procedure regarding the use of floor mats at the time of the incident, Costco used PIG mats during inclement weather. Dkt. 57-16, ¶ 5; DSOF ¶ 26. (PIG is based on the name of the manufacturer of the mats. DSOF ¶ 26.) The purpose of the mat was to absorb as much water as possible off people's shoes and the shopping carts. DSOF ¶ 28. The mats were approximately ¼ - ½-inch-thick, water absorbent, single-use, and had an adhesive back so they would stick to the floor. DSOF ¶ 26. At the conclusion of the inclement weather, the mat would be pulled off the floor and discarded. *Id.* The floor mat Plaintiff walked over immediately before her fall had just been put onto the floor at 1:12 p.m., approximately 31 minutes before the incident. DSOF ¶ 27; Dkt. 65, p. 2. A Costco Administrative Manager, who had worked for the company for 11 years, testified he did not recall ever needing to replace a PIG mat within a day because it reached maximum absorption. DSOF ¶ 6, 28.

Additionally, it was Costco's general practice to place wet floor signs in the vestibule during inclement weather. DSOF ¶ 31. The purpose of these "wet floor" signs was to indicate that water could be in the area and to warn customers of a potential slip hazard on the floor. Dkt 57-12, p. 42.

**3. Analysis**

Complaints in federal court rely on notice pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). In the instant matter, Plaintiff's Amended Complaint gave Defendant notice that the following allegations of negligence would be at issue in the instant matter; Defendant allegedly:

5

      a) Allowed fluid to remain on the floor at the store entrance for an unreasonable length of time;
      b) Failed to clean up/dry the floor in a timely manner;
      c) Failed to warn the plaintiff of the fluid by posting a sign;
      d) Failed to do a reasonable inspection of the entrance to detect liquid on the floor;
      e) Failed to ensure proper inspection procedures were in place where customers would be present;
      f) Caused water to be on the floor where the plaintiff fell through employees bringing in wet shopping carts into the entrance;
      g) Failed to have procedures in place to make sure employees followed instructions to correctly use mats installed at the entrance;
      h) Failed to follow instructions provided by the manufacturer of the mats used at the entrance regarding use and maintenance of the mat.

Dkt. 50, ¶ 5 (a-h). Plaintiff's operative Complaint contains no allegations about the composition or appropriateness of the flooring itself. Dkt. 50.

### 3.1    No Exception to the Natural Accumulation Doctrine Applies

To succeed on her negligence claim, Plaintiff must establish that (1) Costco owed her a duty, (2) Costco breached that duty, and (3) Costco's breach proximately caused her injury. *Domkiene v. Menards, Inc.*, 2016 WL 4607888; *Richardson v. Bond Drug Co.*, 387 Ill.App.3d 881, 884 (1st Dist. 2009).

While a defendant has a duty of ordinary care to maintain its premises in a reasonably safe condition for its invitees, this duty does not make a defendant an insurer of the safety of the invitee while on its premises. *Hayes v. Bailey*, 80 Ill.App.3d 1027, 1030 (3rd Dist. 1980); *Robinson v. Southwestern Bell Telephone Co.*, 26 Ill.App.2d 139, 142 (4th Dist. 1960); *Donoho v. O'Connells*, 13 Ill.2d 113, 118 (1958). The well-established rule in Illinois is that landowners are not liable for injuries resulting from natural accumulations of ice, snow or water. *Domkiene*, 2016 WL 4607888; *Krywin v. Chicago Transit Authority*, 238 Ill.2d 215, 227 (2010); *Reed v. Galaxy Holdings, Inc.*, 394 Ill.App.3d 39, 42 (1st Dist. 2009); *Fillpot v. Midway Airlines, Inc.*, 261 Ill.App.3d 237, 243 (4th Dist. 1994). Moreover, a landowner or possessor of land has no duty to remove natural accumulations of ice, snow, or water from its property. *Bailey v. Graham Enterprises*, 2019 IL App (1st) 181316, 27. The natural accumulation doctrine applies not only to accumulations of snow, ice, and water outside the premises, but also from the natural accumulation

of snow, ice, or water tracked inside the premises from the outside. *Reed*, 394 Ill.App.3d at 42; *Pytlewski v United States*, 991 F.Supp. 1043, 1047 (ND Ill. 1998).

Plaintiff does not refute she slipped and fell in a natural accumulation of rainwater, instead arguing an exception to the natural accumulation doctrine should apply. Dkt. 65, p. 7. The two exceptions to the natural accumulation rule Plaintiff relies on in her summary judgment response are: (1) the use of a thin floor mat instead of a thick floor mat; and (2) placing the floor mat next to a slippery floor.

First, the Court finds no recognized legal exception regarding the thickness of a floor mat. Plaintiff is, in essence, attempting to create a new exception to the Illinois natural accumulation doctrine to require a certain thickness of mat be used during inclement weather. Plaintiff failed to cite case law to support this alleged exception which directly contradicts the natural accumulation doctrine. That doctrine holds that property owners are neither required to place mats on the floor during inclement weather nor required to replace mats once they are saturated with water. *Reed*, 394 Ill.App.3d at 47; *Wilson v. Gorski's Food Fair*, 196 Ill.App.3d 612, 617 (1st Dist. 1990); *Bernard v. Sears, Roebuck & Co.*, 166 Ill.App.3d 533, 536 (1st Dist. 1988); *Pytlewski*, 991 F. Supp. at 1050 (if a policy of mopping up naturally accumulated water – analogous to a practice of putting down mats during inclement weather – led to a duty to do so, "such a finding would also create a new exception to Illinois' natural accumulation rule, an exception which has the potential to swallow the rule almost whole. It is not this court's role to create such a broad exception."). Because there is no duty for a store to place a mat on the floor, there can be no exception to the natural accumulation doctrine for the placement of an insufficient floor mat. The Court declines to recognize this exception to the natural accumulation doctrine.

The other exception Plaintiff alleges is that the floor mat was placed next to a slippery floor. In the light most favorable to Plaintiff, the Court presumes Plaintiff's second exception argument

7

alleges that the floor at issue was excessively slippery when wet and, thus, defective. Allegations of defective design or construction such as this can indeed be exception to the natural accumulation rule. *Bailey*, 2019 IL App (1st) 181316, ¶ 27. However, the Court can find no case where a plaintiff successfully asserted such an exception yet failed to plead it in her complaint. The plaintiff must have pled and supported its allegations of defective design or construction in order to succeed under this exception. The allegations in Plaintiff's operative Complaint (or any prior version of her Complaint) were insufficient to give Defendant notice that she intended to raise the issue of improper flooring/defective design or construction as an exception to the natural accumulation rule. Since the Complaint does not assert these allegations, there is no basis for Plaintiff to argue they are a basis of liability against the defendant. *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). Plaintiff cannot survive summary judgment by raising a new argument that is not in the operative complaint, which includes no allegation whatsoever about the composition of the flooring itself. *Shanahan*, 82 F.3d at 781 (plaintiff may not amend complaint through arguments in opposition to motion for summary judgment); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 814 (7th Cir. 2011) (same); *Doggett v. Cty. of Cook*, 2006 WL 3196879, at *6 (N.D. Ill. Nov. 3, 2006), aff'd sub nom. *Doggett v. Cook Cty.*, 255 F. App'x 88 (7th Cir. 2007) (as plaintiff failed to make relevant allegations in complaint, defendants were not put on notice of claim until after they filed motion for summary judgment, and thus the court "denie[d] any last minute attempt to add a new theory of liability at summary judgment."); *Fanning v. LeMay*, 38 Ill. 2d 209, 212, 230 N.E.2d 182, 185 (1967) ("[t]he basis for liability in tort is not the mere fact of injury but injury caused by fault, and a complaint which fails to allege facts, the existence of which is necessary to enable the plaintiff to recover, does not state a cause of action. Such deficiency cannot be remedied by liberal construction or by argument."). More concretely, Plaintiff may not amend her Complaint through argument in a brief opposing summary judgment to add this new theory of liability. Because the operative Complaint fails to place Defendant on notice that this

exception to the natural accumulation rule would be an issue in the instant matter, Plaintiff's "improper flooring" exception to the natural accumulation rule is not properly before the Court.

Thus, because Plaintiff has admitted her injury was the result of a natural accumulation of water, which a landowner has no duty to remove, *Bailey*, 2019 IL App (1st) 181316, ¶ 27, and there is no applicable exception to the natural accumulation rule here, summary judgment must be granted for Defendant on this basis.

**3.2  Costco Owed Plaintiff No Duty to Warn**

Plaintiff also alleges Costco had a duty to warn her of the water on the floor. The parties disagree whether there were "wet floor" signs present in the vicinity at the time Plaintiff fell. DSOF ¶¶ 30-33; Dkt. 65, pp. 2-3. It is immaterial whether such signs were present, as Plaintiff slipped and fell in a natural accumulation of rainwater.[3] A property holder simply owes no duty to warn of natural accumulations, including tracks or residue left inside the building by customers or employees who walked or tracked carts through natural accumulations outside the building. *Ashtari v. GFS Marketplace, LLC*, 2011 WL 3348063, at *4 (N.D. Ill. Aug. 2, 2011). Costco did not have a duty to place safety cones or "wet floor" warnings in any particular location, including the potentially slippery area. *Reed*, 394 Ill.App.3d at 46; *Weston v. Wal-Mart Stores, Inc.*, 301 Fed. Appx. 538, 540 (7th Cir. 2008); *Pytlewski*, 991 F. Supp. at 1051. Because Costco did not need to warn Plaintiff of any naturally accumulated rainwater, Plaintiff cannot succeed on this claim.

**4.  Conclusion**

For the reasons set forth above, Defendant's motion for summary judgment is hereby granted (Dkt. 57). Additionally, due to the rulings made herein, Defendant's Motion to Strike Plaintiff's Rule 26(a)(2) Retained Expert Report (Dkt. 56) is denied as moot.

---

[3]  Moreover, Plaintiff was already on notice of the wet and rainy conditions and the wet floor; she admits she was fully aware of the rainy and wet conditions outside, and as she approached the vestibule she saw that both the floor mat and the area past the floor mat appeared wet. DSOF ¶¶ 9, 13.

**ENTERED: 1/12/2022**

_____
Susan E. Cox,
United States Magistrate Judge